**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISON**

JOHN DAVID LITTLE, PLAINTIFF

v. **CASE NO.: 5:26-cv-05256-DCF**

CHURCH & DWIGHT CO, INC., DEFENDANT

## COMPLAINT

Plaintiff, **JOHN DAVID LITTLE** ("Plaintiff"), by and through his attorneys, **JOHNSON BECKER, PLLC**, hereby submits the following Reinstated Complaint and Demand for Jury Trial, consistent with AR Code § 16-56-126 (2024), against Defendant, **CHURCH & DWIGHT CO, INC.** ("Defendant")**,** and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. This is a product liability action seeking recovery for catastrophic personal injuries and damages suffered by Plaintiff, after Plaintiff used "Kaboom Bathroom Cleaner" (hereafter generally referred to as "subject cleaner" or "cleaner") marketed, imported, distributed, formulated, designed, manufactured, marketed, imported, distributed and/or sold by Defendant.

2. On or about December 21, 2021, Plaintiffs' family used the Kaboom to clean the family bathroom. Unbeknownst to Plaintiff**,** that evening, Plaintiff's feet were exposed to the cleaner. The exposure to the cleaner led to his feet becoming infected; and the infection ultimately festered, resulting in the double amputation of both of

his lower extremities.

3. Defendant formulated, manufactured, produced, marketed, promoted, warranted, distributed and cleaner with harmful chemicals and/or contaminants that made it inherently dangerous to consumers, including the Plaintiff in this case.

4. Defendant knew or should have known of this contamination, but nevertheless put profit_ahead of safety by continuing to sell the cleaner to consumers and failing to warn said consumers of the serious risks posed by said defects despite the risk of significant and serious injuries to Plaintiff and consumers like him.

5. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case has incurred significant, permanent and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

**PLAINTIFF JOHN DAVID LITTLE**

6. Plaintiff is a citizen and resident of the City of Lincoln County of Washington, State of Arkansas.

7. On or about December 20, 2021, Plaintiff purchased the cleaner from Harps Food Stores located at 310 W Pridemore Dr, Lincoln, AR 72744.

8. On or about December 21, 2021, Plaintiffs' family used the Kaboom to clean the family bathroom. That evening, Plaintiff was exposed to the cleaner to his feet. The exposure to the cleaner led to his feet becoming infected; and the infection ultimately festered, resulting in the double amputation of both of his lower extremities.

**DEFENDANT CHURCH & DWIGHT CO, INC.**

9. Defendant formulates, manufactures, produces, markets, promotes, warrants, distributes and sells a wide variety of household consumer products, including the Kaboom cleaner at issue in this case.

10. Defendant is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in New Jersey. Defendant does business in all 50 states. Defendant is therefore deemed to be a resident and citizen of both the State of Delaware and the State of New Jersey for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred in this District

13. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because both Defendant has sufficient minimum contacts with the State of Arkansas and have intentionally availed themselves of the markets within the State of Arkansas through the promotion, sale, marketing, and distribution of their products.

## FACTUAL ALLEGATIONS

14. Defendant formulates, manufactures, produces, markets, promotes, warrants,

distributes and sells a wide variety of household consumer products, including the Kaboom cleaner at issue in this case:




*Screenshot as provided by Plaintiff of an exemplar of the subject product*

15. On or about December 21, 2021, Plaintiffs' family used the Kaboom to clean the family bathroom. Unbeknownst to Plaintiff, that evening, Plaintiff's feet were

exposed to the cleaner. The exposure to the cleaner led to his feet becoming infected; and the infection ultimately festered, resulting in the double amputation of both of his lower extremities.

16. Plaintiff's family used the cleaner for its intended purpose of cleaning the family bathroom.

17. However, Defendant formulated, manufactured, produced, marketed, promoted, warranted, distributed and cleaner with harmful chemicals and/or contaminants that made it inherently dangerous to consumers, including the Plaintiff in this case.

18. Defendant knew or should have known of this contamination, but nevertheless put profit_ahead of safety by continuing to sell the cleaner to consumers and failing to warn said consumers of the serious risks posed by said defects despite the risk of significant and serious injuries to Plaintiff and consumers like him.

19. As a direct and proximate result of Defendants' concealment of such defects, it's failure to warn consumers of such defects, their negligent misrepresentations, and their failure to remove a product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant, permanent and painful bodily injuries to Plaintiff.

20. Consequently, the Plaintiff in this case seeks damages resulting from the use of the subject cleaner as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

## COUNT I
## STRICT LIABILITY

21. Plaintiff incorporates by reference each preceding paragraph of this Complaint as though set forth fully at length herein.

22. Defendant designs, formulates, manufactures, distributes, markets, promotes, advertises and sells cleaning products, including the cleaner at issue in this case.

23. At the time of Plaintiff's injuries, the subject cleaners were contaminated and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

24. The subject cleaner was in the same or substantially similar condition as when it left the possession of the Defendant.

25. Plaintiff and his family did not misuse or materially alter the subject cleaners.

26. The subject cleaner did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

27. Further, a reasonable person would conclude that the possibility and risk of serious harm outweigh the burden or cost of making the subject cleaners safe. Specifically:

a. The multi-purpose cleaners formulated, manufactured, marketed, licensed, sold, and supplied by the Defendant were placed into the stream of commerce in an unreasonably dangerous condition for consumers;

b. The seriousness of the potential infections and injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

c. Defendant failed to properly formulate, market, license, manufacture, distribute,

supply, and sell the cleaners, despite having extensive knowledge that exposures resulting in injuries could and did occur;

d. Defendant failed to warn and place adequate warnings and instructions on the cleaners;

e. Defendant failed to adequately test the cleaners; and

f. Defendant failed to market an economically feasible alternative design, despite the existence of the aforementioned economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages

28. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## COUNT II
## NEGLIGENCE

29. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

30. Defendant designs, formulates, manufactures, distributes, markets, promotes, advertises and sells cleaning products, including the cleaner at issue in this case.

31. Defendant had a duty of reasonable care to design, formulate, manufacture, warn, market, promote, distribute, advertise, and sell uncontaminated cleaning products that are reasonably safe for their intended uses by consumers, such as Plaintiff and his family.

32. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of the subject cleaners in that Defendant knew or should have known that said cleaners created a high risk of unreasonable harm to the Plaintiff and consumers alike.

33. Specifically, Defendant was negligent in one or more of the following ways:

a. Unreasonably failing to implement appropriate processes, procedures, and systems throughout the manufacture of the subject cleaners;

b. Failing to provide adequate warnings about the risk that the subject cleaners could be contaminated and lead to infections;

c. Failing to ensure that consumers, including Plaintiff, received adequate warnings about the risk to exposure from the subject cleaners;

d. Placing an unsafe product into the stream of commerce; and

e. Were otherwise careless or negligent.

34. Despite the fact that Defendant knew or should have known of these contamination issues, Defendant continued to sell, distribute, and market the subject cleaners to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## INJURIES & DAMAGES

35. As a direct and proximate result of Defendant's strict liability, negligence and wrongful conduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendants for these injuries in an amount which shall be proven at trial.

36. As a direct and proximate result of Defendant's strict liability, negligence and wrongful conduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

37. As a direct and proximate cause of Defendant's strict liability, negligence and wrongful conduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns he suffered from the incident.

Plaintiff is entitled to recover damages from Defendant for his past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, as well as all costs of this action, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for his injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's defective cleaner;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case; and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

**JOHNSON BECKER, PLLC**

Dated: October 1, 2026

*/s/ Adam J. Kress*

Adam J. Kress, Esq.
Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***